FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 FEB 14  P 3: 03

CLERK _L. LaVictoire_
S. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

JACK RAY WALLACE,                )
                                 )
            Petitioner,          )
                                 )
      v.                         )     CIVIL ACTION NO.: CV506-089
                                 )
ALEXIS CHASE, Warden,            )
                                 )
            Respondent.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jack Ray Wallace ("Wallace"), an inmate currently incarcerated at Men's State Prison in Hardwick, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Ware County, Georgia.   Respondent filed an Answer-Response and a Motion to Dismiss.   Wallace has filed a Response.   For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

At a jury trial in Ware County Superior Court in September 1992, Wallace was convicted of one count of murder and sentenced to life imprisonment.[1]   On May 26, 1995, Wallace was granted leave to file an out-of-time direct appeal, in which he claimed, among other things, that he received ineffective assistance of counsel at trial.

---

[1] Wallace was indicted, along with his attorney Michael Glean, Fredrick S. Speas, and Jeremiah Lee, for the murder of Wallace's wife, Kimberly Wallace.   Wallace was jointly tried with Speas and Lee.   Glean was tried separately and convicted of murder in May 1992.   Glean v. State, 268 Ga. 260, 486 S.E. 2d 172 (1997).

AO 72A
(Rev. 8/82)

The Georgia Supreme Court affirmed his conviction and sentence on May 30, 2000. Wallace v. State, 272 Ga. 501, 530 S. E. 2d 721 (2000).   Reconsideration of this decision was denied on June 29, 2000.

Wallace filed a state habeas corpus petition in Baldwin County on December 4, 2003, challenging his 1992 conviction.  The state habeas corpus court conducted an evidentiary hearing and denied Wallace's requested relief on June 23, 2005.   The Georgia Supreme Court denied his application for a certificate of probable cause to appeal on September 18, 2006.  Wallace filed the instant petition on October 18, 2006, asserting his actual innocence.   Respondent asserts that Wallace's petition was untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

### I.    Actual Innocence

Before addressing Respondent's claim that Wallace's petition is barred by the statute of limitations, the Court must determine whether Wallace has demonstrated his actual innocence. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218 (11th Cir. 2000). To establish actual innocence, Wallace must demonstrate that, in light of new evidence, "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 299, 115 S. Ct. 851, 854, 130 L. Ed. 2d 808 (1995).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324, 115 S. Ct. at 865.  A petitioner meets this "threshold showing of innocence" justifying a review of the merits of the constitutional

claim if the new evidence raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 115 S. Ct. at 862. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id. at 324, 115 S. Ct. at 865.

To the extent that the petition asserts that Wallace is innocent of the offense of conviction, it fails to present any new reliable evidence meeting the aforementioned Schlup standard. The evidence Wallace contends was absent from trial is, according to his petition, an affidavit from Michael Glean, Wallace's former attorney who was also convicted of the murder of Wallace's wife. Wallace asserts that the affidavit "stat[es] I had no knowledge of or participation in Kimberly Wallace's murder." Wallace appears to refer to three affidavits executed by Michael Glean and included in the record of Wallace's state habeas corpus hearing. In the affidavits, Glean states in pertinent part that "never did Dr. Wallace ever discuss, or indicate, in any way, that he wanted, or planned, to injure, threaten or kill Kimberly, nor did he hire Glean for such purpose" and appears to claim that he tried to present this "exculpatory information" to Wallace's appellate counsel but was ignored. (Doc. No. 6, Attachment 3, pp. 34-38).

These affidavits are insufficient to satisfy the threshold showing under Schlup. Glean's affidavits were executed some ten years after Wallace's conviction. Obviously, any exculpatory affidavits "produced . . . at the 11th hour" are "suspect." Herrera v. Collins, 506 U.S. 390, 423, 113 S. Ct. 853, 872, 122 L. Ed. 2d 203 (1993) (O'Connor, J., concurring). Such suspicion is heightened where, as here, the affidavit is from not only a convicted felon, but a man convicted of having been a co-conspirator in the same murder as Wallace himself. The documents are also substantively unpersuasive.

Contrary to Wallace's assertions, Glean does not state that Wallace "had no knowledge of or participation in Kimberly Wallace's murder."   Instead, Glean states that Wallace never indicated a plan or desire to kill his wife and did not hire Glean to do so.   Glean does not accept responsibility for the murder himself, does not explain any alternative factual scenario, and does not offer much explanation of his solitary statement seemingly meant to exculpate Wallace.   He vaguely claims to have known "certain facts concerning the crime" during Wallace's trial and thereafter, but appears to assert that his duty of confidentiality to Wallace prevented him from divulging whatever information this was.   Upon searching examination, it is clear that these affidavits are simply unreliable as evidence of actual innocence considering the source, the timing, and the substance of the new evidence.   When compared to the evidence presented at trial, the affidavits in no way undermine this Court's confidence in Wallace's conviction.

## II.    Statute of Limitations

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions.  The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions.  28 U.S.C. § 2244(d)(1).   According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. It is undisputed that the AEDPA applies to this section 2254 petition, as Wallace filed it on October 18, 2006, more than ten (10) years after the April 24, 1996, enactment of the AEDPA. On the facts presented, Wallace's limitations period could arguably be measured pursuant to 28 U.S.C. §2244(d)(1)(A) or 28 U.S.C. §2244(d)(1)(D).

### A.    28 U.S.C. § 2244(d)(1)(A)

Wallace's conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Clay v. U.S., 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Wallace's motion for reconsideration was denied by the Georgia Supreme Court on June 29, 2000. He then had 90 days in which to seek certiorari to the United States Supreme Court pursuant to Rule 13 of the Rules of the United States Supreme Court. Wallace did not apply for certiorari in the United States Supreme Court, and thus his conviction became final on or about September 27, 2000, the date on which his time for filing a certiorari petition expired.

Wallace did not file the instant petition until October 18, 2006, which is more than six (6) years after his conviction became final.   Wallace did not file a state habeas corpus petition until December 4, 2003, more than three (3) years after his conviction was final.   The applicable limitations period is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).   However, this statutory provision is not applicable here because, when measured under 28 U.S.C. §2244(d)(1)(A), Wallace's one-year limitations period expired before he even filed his state habeas corpus petition.   Thus, measured pursuant to 28 U.S.C. §2244(d)(1)(A), Wallace's petition is untimely.

## B.      28 U.S.C. § 2244(d)(1)(D)

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if this date is the latest of the dates set forth in the statute.   Importantly, it is clear that subsection (D) requires that the limitations period begins not when the petitioner *first discovers* the new evidence, but when he *could have learned* of the evidence through the exercise of due diligence.   Of course, if Glean's and Wallace's claims that Wallace was uninvolved in the murders are true, Wallace would have known this fact at the time of his trial, and he would have known that Michael Glean would have possessed this information as well.   With the exercise of diligence, the Glean information could have become available by the time of his jury trial or at least at some point within the intervening ten years before the affidavits were actually executed.   The affidavits simply do not qualify as a basis for

giving Wallace a fresh year in which to bring his federal habeas petition under §2244(d)(1)(D).

### C.    Equitable Tolling

Finally, Wallace is not entitled to any equitable tolling of the statute of limitations. Equitable tolling is available "to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Drew v. Dept. of Corr., 297 F. 3d 1278, 1286 (11th Cir. 2002).    The "extraordinary circumstances" must be beyond the petitioner's control and unavoidable, even when he has acted with "diligence" in attempting to make a timely filing.    Jones v. Nagle, 349 F.3d 1305, 1308 (11th Cir. 2003); Drew, 297 F.3d at 1286.  Equitable tolling is an extraordinary remedy, and is therefore applied sparingly.  Drew, 297 F.3d at 1286.  In determining whether equitable tolling is proper in a given case, the burden falls squarely on the petitioner to establish that the facts of his case warrant its application.  Id.

Wallace fails to present any extraordinary circumstances that were beyond his control and unavoidable even upon the exercise of diligence that would entitle him to equitable tolling of the limitations period.  As discussed, Wallace fails to state a colorable claim of actual innocence.  He ultimately fails to provide evidence to support a finding that he acted with diligence and that his untimely filing was the result of any "extraordinary circumstances" beyond his control.  Accordingly, the facts presented evidence nothing entitling Wallace to equitable tolling of the limitations period.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**.   Petitioner's application for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this _14th_ day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)