FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL 11 AM 11: 40

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JACK RAY WALLACE, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: CV506-089 |
| ALEXIS CHASE, Warden, | ) |
| Respondent. | ) |

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's recommendation that Respondent's Motion to Dismiss be **GRANTED** and Wallace's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**. Wallace has filed Objections to the Report and Recommendation, wherein he alleges that prison officials at Men's State Prison have denied him access to the courts by withholding his legal mail and materials, and have retaliated against him, all in violation of his First Amendment rights. Wallace also discusses his Eighth Amendment right to be free from cruel and unusual punishment and his right to equal protection of the laws. These allegations do not present relevant objections to the Magistrate Judge's determination that Wallace's § 2254 petition was not timely filed. As Wallace has previously been instructed, the appropriate vehicle for complaints of unconstitutional conditions of confinement is an action brought pursuant to 28 U.S.C. § 1983. See Doc. No. 19.

AO 72A
(Rev. 8/82)

Wallace further alleges that he was unaware that the Georgia Supreme Court affirmed his conviction on May 30, 2000 or that reconsideration of that decision was denied on June 29, 2000. (Doc. No. 20, p. 7). Presumably, Wallace would have been aware of the Georgia Supreme Court's May 30, 2000 decision at the time he filed for reconsideration of that particular decision. Nonetheless, Wallace contends that this is the reason he waited over three years to file his state habeas claim, and presumably asserts that this should somehow have tolled the one-year limitations period on his federal habeas petition. As the Magistrate Judge discussed, Wallace's conviction became final on or about September 27, 2000. Thus, the one-year limitations period in which to file his federal habeas petition expired on or about September 27, 2001. Because this one-year period expired over two years before Wallace instituted his state habeas action on December 4, 2003, those state habeas proceedings could not toll the period under 28 U.S.C. § 2244(d)(2). The period had already expired; there was nothing to toll.

There is also no basis for equitable tolling of the statute of limitations. The fact that Wallace was allegedly not aware of the status of his case is not an extraordinary circumstance and certainly does not exhibit his diligence in light of any events outside of his control. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner," Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004), and Wallace has simply not met that burden. Wallace has provided no evidence or even any assertion that he was diligent in ascertaining the status of the direct review of his conviction. Accordingly, because of its untimeliness, and regardless of his additional

contentions as to its merits, and Respondent's Motion to Dismiss (Doc. No. 4) is hereby **GRANTED** and Wallace's petition is **DISMISSED**.

Wallace has also filed a Motion to Amend his § 2254 petition. Among other things, he asserts that his state habeas hearing was "extraordinarily brief" and did not afford him the opportunity to present his case. He also asserts various challenges to his conviction, including numerous trial court errors, violation of the double jeopardy clause, ineffective assistance of counsel, and violation of his due process rights. None of Wallace's enumerations of error alter this Court's determination that his §2254 petition was not timely filed under the AEDPA. Accordingly, Wallace's Motion to Amend (Doc. No. 23) is **DENIED**.

**SO ORDERED**, this 11th day of July, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA